## UNITED STATES *v.* GONZALES ET AL.

No. 95–1605.   Argued December 11, 1996—Decided March 3, 1997

*Miguel A. Estrada* argued the cause for the United States. With him on the briefs were *Acting Solicitor General Dellinger, Acting Assistant Attorney General Keeney,* and *Deputy Solicitor General Dreeben.*

*Edward Bustamante,* by appointment of the Court, 519 U. S. 804, argued the cause for respondents. With him on the brief were *Angela Arellanes,* by appointment of the Court, 519 U. S. 804, *Roberto Albertorio,* by appointment of the Court, 519 U. S. 962, and *Carter G. Phillips.**

JUSTICE O'CONNOR delivered the opinion of the Court.

We are asked to decide whether a federal court may direct that a prison sentence under 18 U. S. C. § 924(c) run concurrently with a state-imposed sentence, even though § 924(c)

---

*\*Leah J. Prewitt, Jeffrey J. Pokorak, Placido G. Gomez,* and *Barbara Bergman* filed a brief for the National Association of Criminal Defense Lawyers as *amicus curiae* urging affirmance.

provides that a sentence imposed under that statute "shall [not] . . . run concurrently with any other term of imprisonment." We hold that it may not.

## I

Respondents were arrested in a drug sting operation during which two of them pulled guns on undercover police officers. All three were convicted in New Mexico courts on charges arising from the holdup. The state courts sentenced them to prison terms ranging from 13 to 17 years. After they began to serve their state sentences, respondents were convicted in federal court of committing various drug offenses connected to the sting operation, and conspiring to do so, in violation of 21 U. S. C. §§ 841 and 846. They were also convicted of using firearms during and in relation to those drug trafficking crimes, in violation of 18 U. S. C. § 924(c). Respondents received sentences ranging from 120 to 147 months in prison, of which 60 months reflected the mandatory sentence required for their firearms convictions. Pursuant to § 924(c), the District Court ordered that the portion of respondents' federal sentences attributable to the drug convictions run concurrently with their state sentences, with the remaining 60 months due to the firearms offenses to run consecutively to both.

The Court of Appeals for the Tenth Circuit vacated respondents' sentences for the firearms violations, on the ground that the § 924(c) sentences should have run concurrently with the state prison terms. 65 F. 3d 814 (1995). (The court also vacated respondents' substantive drug convictions and dealt with various other sentencing issues not before us.) Although the Court of Appeals recognized that other Circuits had uniformly "held that § 924(c)'s plain language prohibits sentences imposed under that statute from running concurrently with state sentences," it nevertheless thought that "a literal reading of the statutory language would produce an absurd result." *Id.*, at 819. Feeling

obliged to "venture into the thicket of legislative history," *id.*, at 820 (citations and internal quotation marks omitted), the court found a line in a Senate Committee Report indicating that " 'the mandatory sentence under the revised subsection 924(c) [should] be served prior to the start of the sentence for the underlying or any other offense,' " *ibid.* (quoting S. Rep. No. 98–225, pp. 313–314 (1983) (hereinafter S. Rep.)) (emphasis deleted). If this statement were applied literally, respondents would have to serve *first* their state sentences, *then* their 5-year federal firearms sentences, and *finally* the sentences for their narcotics convictions—even though the narcotics sentences normally would have run concurrently with the state sentences, since they all arose out of the same criminal activity. 65 F. 3d, at 821. To avoid this irrational result, the court held that "§ 924(c)'s mandatory five-year sentence may run concurrently with a previously imposed *state* sentence that a defendant *has already begun to serve.*" *Id.*, at 819.

We granted certiorari, 518 U. S. 1003, and now vacate and remand.

## II

Our analysis begins, as always, with the statutory text. Section 924(c)(1) provides:

"Whoever, during and in relation to any . . . drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime . . . , be sentenced to imprisonment for five years . . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with *any other term of imprisonment* including that imposed for the . . . drug trafficking crime in which the firearm was used or carried." 18 U. S. C. § 924(c)(1) (emphasis added).

The question we face is whether the phrase "any other term of imprisonment" "means what it ·says, or whether it should be limited to some subset" of prison sentences, *Maine* v. *Thiboutot*, 448 U. S. 1, 4 (1980)—namely, only federal sentences. Read naturally, the word "any" has an expansive meaning, that is, "one or some indiscriminately of whatever kind." Webster's Third New International Dictionary 97 (1976). Congress did not add any language limiting the breadth of that word, and so we must read § 924(c) as referring to all "term[s] of imprisonment," including those imposed by state courts. Cf. *United States* v. *Alvarez-Sanchez*, 511 U. S. 350, 358 (1994) (noting that statute referring to "any law enforcement officer" includes "federal, state, or local" officers); *Collector* v. *Hubbard*, 12 Wall. 1, 15 (1871) (stating "it is quite clear" that a statute prohibiting the filing of suit "in any court" "includes the State courts as well as the Federal courts," because "there is not a word in the [statute] tending to show that the words 'in any court' are not used in their ordinary sense"). There is no basis in the text for limiting § 924(c) to federal sentences.

In his dissenting opinion, JUSTICE STEVENS suggests that the word "any" as used in the first sentence of § 924(c) "unquestionably has the meaning 'any federal.'" *Post*, at 14. In that first sentence, however, Congress *explicitly* limited the scope of the phrase "any crime of violence or drug trafficking crime" to those "for which [a defendant] may be prosecuted in a court of the United States." Given that Congress expressly limited the phrase "any crime" to only federal crimes, we find it significant that no similar restriction modifies the phrase "any other term of imprisonment," which appears only two sentences later and is at issue in this case. See *Russello* v. *United States*, 464 U. S. 16, 23 (1983) ("'Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion'").

6

The Court of Appeals also found ambiguity in Congress' decision, in drafting § 924(c), to prohibit concurrent sentences instead of simply mandating consecutive sentences. 65 F. 3d, at 820. Unlike the lower court, however, we see nothing remarkable (much less ambiguous) about Congress' choice of words. Because consecutive and concurrent sentences are exact opposites, Congress implicitly required one when it prohibited the other. This "ambiguity" is, in any event, beside the point because this phraseology has no bearing on whether Congress meant § 924(c) sentences to run consecutively only to other federal terms of imprisonment.

Given the straightforward statutory command, there is no reason to resort to legislative history. *Connecticut Nat. Bank* v. *Germain*, 503 U. S. 249, 254 (1992). Indeed, far from clarifying the statute, the legislative history only muddies the waters. The excerpt from the Senate Report accompanying the 1984 amendment to § 924(c), relied upon by the Court of Appeals, reads:

> "[T]he Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense." S. Rep., at 313–314.

This snippet of legislative history injects into § 924(c) an entirely new idea—that a defendant must serve the 5-year prison term for his firearms conviction before any other sentences. This added requirement, however, is "in no way anchored in the text of the statute." *Shannon* v. *United States*, 512 U. S. 573, 583 (1994).

The Court of Appeals was troubled that this rule might lead to irrational results. Normally, a district court has authority to decide whether federal prison terms should run concurrently with or consecutively to other prison sentences. 18 U. S. C. § 3584(a) (vesting power in district court to run most prison terms either concurrently or consecutively); United States Sentencing Commission, Guidelines Manual

§ 5G1.3 (Nov. 1995) (USSG) (guiding court's discretion under § 3584(a)). If the prison terms for respondents' other federal sentences could not begin until after their § 924(c) terms were completed, however,. the District Court would effectively be stripped of its statutory power to decide whether the sentences for the underlying narcotics offenses should run concurrently with respondents' state terms of imprisonment. 65 F. 3d, at 822. The court observed that such a rule could lead to dramatically higher sentences, particularly for the respondents in this case. Perez, for example, is already serving a 17-year state prison term for his role in the holdup. Normally, his 7.25-year federal sentence for narcotics possession would run concurrently with that state term under USSG § 5G1.3(b); his 5-year firearm sentence under § 924(c) would follow both, for a total of 22 years in prison. If he must serve his federal narcotics sentence *after* his 5-year firearms sentence, however, he would face a total of 29.25 years in prison. 65 F. 3d, at 821.

Seeking to avoid this conflict between § 924(c) (as reinterpreted in light of its legislative history) and § 3584(a), the Court of Appeals held that § 924(c) only prohibited running *federal* terms of imprisonment concurrently. *Ibid.* It also reasoned that such a narrow reading was necessary because "there is no way in which a later-sentencing federal court can cause the mandatory 5-year § 924(c) sentence to be served before a state sentence that is already being served." *Ibid.*

We see three flaws in this reasoning. First, the statutory texts of §§ 924(c) and 3584(a), unvarnished by legislative history, are entirely consistent. Section 924(c) specifies only that a court must not run a *firearms* sentence concurrently with other prison terms. It leaves plenty of room for a court to run *other* sentences—whether for state or federal offenses—concurrently with one another pursuant to . § 3584(a) and USSG § 5G1.3. The statutes clash only if we engraft onto § 924(c) a requirement found only in a single

8

sentence buried in the legislative history: that the firearms sentence must run first. We therefore follow the text, rather than the legislative history, of § 924(c). By disregarding the suggestion that a district court must specify that a sentence for a firearms conviction be served before other sentences, we give full meaning to the texts of both §§ 924(c) and 3584(a). See *United States* v. *Wiltberger,* 5 Wheat. 76, 95–96 (1820) (Marshall, C. J.) ("Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one indeed, which would justify a court in departing from the plain meaning of words . . . in search of an intention which the words themselves did not suggest").

Second, even if we ignored the plain language of § 924(c) and required courts to list the order in which a defendant must serve the sentences for different convictions, we would thereby create a rule that is superfluous in light of § 3584(c). That statute instructs the Bureau of Prisons to treat multiple terms of imprisonment, whether imposed concurrently or consecutively, "for administrative purposes as a single, aggregate term of imprisonment." *Ibid.* As a practical matter, then, it makes no difference whether a court specifies the sequence in which each portion of an aggregate sentence must be served. We will not impose on sentencing courts new duties that, in view of other statutory commands, will be effectively meaningless.

Third, the Court of Appeals' solution—to allow § 924(c) prison terms to run concurrently with state sentences—does not eliminate any anomaly that arises when a firearms sentence must run "first." Although it is clear that a prison term under § 924(c) cannot possibly run before an earlier imposed *state* prison term, the same holds true when a prisoner is already serving a *federal* sentence. See § 3585(a) (providing that a federal prison term commences when the defendant is received into custody or voluntarily arrives to begin serving the sentence). Because it is impossible to start a

§ 924(c) sentence before *any* prison term that the prisoner is already serving, whether imposed by a state or federal court, limiting the phrase "any other term of imprisonment" to state sentences does not get rid of the problem. Thus, we think that the Court of Appeals both invented the problem and devised the wrong solution.

JUSTICE BREYER questions, in dissent, whether Congress wanted to impose a § 924(c) sentence on a defendant who is already serving a prison term pursuant to a virtually identical state sentencing enhancement statute. *Post,* at 15. A federal court could not (for double jeopardy reasons) sentence a person to two consecutive federal prison terms for a single violation of a federal criminal statute, such as § 924(c). If Congress cannot impose two consecutive federal § 924(c) sentences, the dissent argues, it is unlikely that Congress would have wanted to stack a § 924(c) sentence onto a prison term under a virtually identical state firearms enhancement. *Ibid.*

As we have already observed, however, the straightforward language of § 924(c) leaves no room to speculate about congressional intent. See *supra,* at 4–5. The statute speaks of "any term of imprisonment" without limitation, and there is no intimation that Congress meant § 924(c) sentences to run consecutively only to certain types of prison terms. District courts have some discretion under the Sentencing Guidelines, of course, in cases where related offenses are prosecuted in multiple proceedings, to establish sentences "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time . . . ." *Witte* v. *United States,* 515 U. S. 389, 404 (1995) (discussing USSG § 5G1.3). See *post,* at 14–15 (BREYER, J., dissenting). When Congress enacted § 924(c)'s consecutive-sentencing provision, however, it cabined the sentencing discretion of district courts in a single circumstance: When a defendant violates § 924(c), his sentencing en-

hancement under that statute must run consecutively to all other prison terms. Given this clear legislative directive, it is not for the courts to carve out statutory exceptions based on judicial perceptions of good sentencing policy.

Other language in § 924(c) reinforces our conclusion. In 1984, Congress amended § 924(c) so that its sentencing enhancement would apply regardless of whether the underlying felony statute "provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." Comprehensive Crime Control Act of 1984, Pub. L. 98–473, § 1005(a), 98 Stat. 2138–2139. Congress thus repudiated the result we reached in *Busic* v. *United States*, 446 U. S. 398 (1980), in which we held that "prosecution and enhanced sentencing under § 924(c) is simply not permissible where the predicate felony statute contains its own enhancement provision," irrespective of whether the Government had actually sought an enhancement under that predicate statute. *Id.*, at 404; see also *Simpson* v. *United States*, 435 U. S. 6, 15 (1978) (holding that a federal court may not impose sentences under both § 924(c) and the weapon enhancement under the armed bank robbery statute, 18 U. S. C. § 2113, based on a single criminal transaction). Our holdings in these cases were based on our conclusion that the unamended text of § 924(c) left us with little "more than a guess" as to how Congress meant to mesh that statute with the sentencing enhancement provisions scattered throughout the federal criminal code. *Simpson, supra,* at 15; *Busic, supra,* at 405. The 1984 amendment, however, eliminated these ambiguities. At that point, Congress made clear its desire to run § 924(c) enhancements consecutively to all other prison terms, regardless of whether they were imposed under firearms enhancement statutes similar to § 924(c). We therefore cannot agree with JUSTICE BREYER's contention that our interpretation of § 924(c) distinguishes between "those subject to undischarged state, and those subject to

undischarged federal, sentences." *Post*, at 16. Both sorts of defendants face sentences for their other convictions that run concurrently with or consecutively to each other according to normal sentencing principles, plus an enhancement under § 924(c). In short, in light of the 1984 amendment, we think that Congress has foreclosed the dissent's argument that § 924(c) covers only federal sentences.

Finally, we pause to comment on JUSTICE STEVENS' concern over how today's decision might affect other cases where "the state trial follows the federal trial and the state judge imposes a concurrent sentence" that might be viewed as inconsistent with § 924(c). *Post*, at 12. That, of course, was not the sequence in which the respondents were sentenced in this case, and so we have no occasion to decide whether a later sentencing state court is bound to order its sentence to run consecutively to the § 924(c) term of imprisonment. See *ibid.* All that is before us today is the authority of a later sentencing federal court to impose a consecutive sentence under § 924(c). We are hesitant to reach beyond the facts of this case to decide a question that is not squarely presented for our review.

### III

In sum, we hold that the plain language of 18 U. S. C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal. The statute does not, however, limit the court's authority to order that other federal sentences run concurrently with or consecutively to other prison terms—state or federal— under § 3584.

The judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

12

JUSTICE STEVENS, with whom JUSTICE BREYER joins, dissenting.

This case arose out of a criminal enterprise that violated both New Mexico law and federal law and gave rise to both state and federal prosecutions. It raises a narrow but important question concerning the scope of the prohibition against concurrent sentences contained in 18 U. S. C. § 924(c)(1). As the Government reads that provision, it prohibits the § 924(c) sentence from running concurrently with a state sentence that has already been imposed, but permits concurrent state and federal sentences when the federal prosecution precedes the state prosecution.[1] Thus, the length of the total term of imprisonment—including both the state sentence and the federal sentence—is determined, in part, by the happenstance of which case is tried first.

Read literally, however, the text of § 924(c)(1) would avoid this anomalous result. Because the text broadly prohibits the § 924(c) sentence from running "concurrently with any other term of imprisonment" regardless of whether that other term is imposed before or after the federal sentence, if the statute is read literally, it would require state judges to make any state term of imprisonment run consecutively to the § 924(c) sentence. Alternatively, if the state trial follows the federal trial and the state judge imposes a concurrent sentence (because she does not read § 924(c) as having any applicability to state sentences), the literal text would require the federal authorities to suspend the § 924(c) sentence until the state sentence has been served.

By relying so heavily on pure textual analysis, the Court's opinion would appear to dictate this result. Like the Government, however, I do not think the statute can reasonably be interpreted as containing any command to state sentencing judges or as requiring the suspension of any federal sentences when concurrent state sentences are later imposed.

---

[1] Reply Brief for United States 10–11; Tr. of Oral Arg. 6–10.

Thus, common sense requires us to reject a purely literal reading of the text. The question that then arises is which is the better of two plausible nonliteral readings. Should the term "any other term of imprisonment" be narrowed by reading it to cover only "any other term of imprisonment *that has already been imposed*," as the Government argues, or "any other *federal* term of imprisonment," as respondents contend?

For three reasons, I think it more likely that Congress intended the latter interpretation. First, it borders on the irrational to assume that Congress would actually intend the severity of the defendant's punishment in a case of this kind to turn on the happenstance of whether the state or the federal prosecution was concluded first. Respondents' reading of the statute avoids that anomaly. Second, when § 924(c) was amended in 1970 to prohibit concurrent sentences, see Title II, Omnibus Crime Control Act of 1970, 84 Stat. 1889, this prohibition applied only to the federal sentence imposed for the underlying offense. When Congress amended the statute in 1984 to broaden the prohibition beyond the underlying offense, it said nothing about state sentences; if Congress had intended the amendment to apply to state as well as federal sentences, I think there would have been some mention of this important change in the legislative history.[2] Furthermore, the 1984 amendment was part of a general revision of sentencing laws that sought to achieve more uniformity and predictability in federal sentencing. See Sentencing Reform Act of 1984, 98 Stat. 1987, 18 U. S. C. § 3551 *et seq.* The anomaly that the Government's reading of § 924(c) authorizes is inconsistent with the basic uniformity theme of the 1984 legislation. Finally, the context

---

[2] "In a case where the construction of legislative language such as this makes so sweeping and so relatively unorthodox a change as that made here, I think judges as well as detectives may take into consideration the fact that a watchdog did not bark in the night." *Harrison* v. *PPG Industries, Inc.,* 446 U. S. 578, 602 (1980) (REHNQUIST, J., dissenting).

in which the relevant language appears is concerned entirely with federal sentencing. Indeed, the word "any" as used earlier in the section unquestionably has the meaning "any federal."[3]

Given the Government's recognition of the fact that a completely literal reading of § 924(c)(1) is untenable, and the further fact that the Court offers nothing more than the dictionary definition of the word "any" to support its result, I think the wiser course is to interpret that word in the prohibition against concurrent sentences as having the same meaning as when the same word is first used in the statute.

Accordingly, I respectfully dissent.

JUSTICE BREYER, with whom JUSTICE STEVENS joins, dissenting.

I believe that JUSTICE STEVENS is right. Section 924(c) concerns federal, not state, sentences. Hence Congress intended the words "other term of imprisonment" to refer to other federal, not other state, "terms." With respect to undischarged state sentences, therefore, 18 U. S. C. § 924(c) is permissive, not mandatory. That is, it permits the federal sentencing judge to make a § 924(c) sentence and an undischarged state sentence concurrent.

Quite often, it will make little difference that, in this state/federal circumstance, the consecutive/concurrent decision is permissive, not mandatory. That is because federal sentencing judges, understanding that § 924 requires consecutive sentencing where undischarged federal sentences are at issue, would normally treat undischarged state sentences the same way. They would make the § 924(c) sentence consecu-

---

[3] In the first sentence of § 924(c)(1) the word "any" is expressly confined to federal prosecutions. When the word is used a second time to describe "any other provision of law," it is again quite obvious that it embraces only other provisions of federal law even though that limitation is implicit rather than explicit. Nowhere in § 924(c) is there any explicit reference to state law or state sentences.

tive to undischarged state sentences (even though § 924(c) would not force that result) in order to avoid treating similarly situated offenders differently. United States Sentencing Commission, Guidelines Manual § 5G1.3 (Nov. 1995). Ordinarily, the fact that the State, rather than the Federal Government, imposed an undischarged sentence is irrelevant in terms of any sentencing objective.

In at least one circumstance, however, federal sentencing judges would probably not treat an undischarged state sentence as if it were federal. That is where the undischarged state sentence is a sentence under a state statute that itself *simply mimics § 924(c)*. Such a situation cannot arise where the initial undischarged sentence is federal. Indeed, the Constitution would forbid any effort to apply § 924(c) twice to a single instance of gun possession. *Brown* v. *Ohio*, 432 U. S. 161, 165 (1977). But a State might have its own version of § 924(c), and a federal § 924(c) offender could be subject to an undischarged term of imprisonment imposed under such a statute. To run a § 924(c) sentence consecutively in such an instance (even if constitutionally permissible, cf. *Abbate* v. *United States*, 359 U. S. 187 (1959); *Heath* v. *Alabama*, 474 U. S. 82 (1985)) would treat the state offender differently, and far more harshly, than any possible federal counterpart.

I am not inventing a purely hypothetical possibility. The State, in the very case before us, has punished respondents, in part, pursuant to a mandatory state sentence enhancement statute that has no counterpart in federal law but for § 924(c) itself, which the state statute, N. M. Stat. Ann. § 31–18–16(A) (Supp. 1994), very much resembles. But cf. *Witte* v. *United States*, 515 U. S. 389, 398–404 (1995). I understand that Congress wanted to guarantee that § 924(c)'s sentence would amount to an additional sentence. But I do not see why Congress would have wanted to pile Pelion on Ossa in this way, adding the § 924(c) sentence to another sentence that does the identical thing. Nor do I believe that

16

Congress would have intended potentially to create this kind of harsh distinction between those subject to undischarged state, and those subject to undischarged federal, sentences— a likely practical result of the majority's holding. See *id.*, at 404–406.

This reason, along with those that JUSTICE STEVENS has discussed, makes me think that Congress did intend § 924(c) to refer to federal sentences alone, and lead me to dissent in this close case.