**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel GONZALES, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Orlenis HERNANDEZ–DIAZ, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario PEREZ, Defendant—Appellant.**

**Nos. 93–2292, 93–2293 and 93–2295.**

United States Court of Appeals, Tenth Circuit.

Aug. 15, 1997.

Before HENRY and McKAY, Circuit Judges, and SHADUR,* Senior District Judge.

## ORDER ON REMAND

McKAY, Senior Circuit Judge.

This is an order on remand and resentencing pursuant to the United States Supreme Court vacating our judgment in *United States v. Gonzales,* 65 F.3d 814 (10th Cir. 1995), and remanding the cause to this court for further proceedings in conformity with the opinion of the Supreme Court.

Defendants Gonzales, Hernandez–Diaz, and Perez were convicted in New Mexico courts and sentenced to prison terms on state charges arising from the use of guns to hold up undercover officers during a drug sting operation. While serving the state sentences, the defendants were convicted on federal drug charges and for the use of firearms in violation of 18 U.S.C. § 924(c)(1) stemming from the same sting operation. The district court directed that the defendants' mandatory five-year sentences required by § 924(c) run consecutively to both state and federal drug sentences. On appeal, this court vacated the § 924(c) five-year sentences, stating that they should have run concurrently with the state sentences. *United States v. Gonzales,* 65 F.3d 814 (1995). We held that a § 924(c) sentence may run concurrently with "a previously imposed, already operational state sentence, but not with another federal sentence." *Id.* at 819.

---

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

The Supreme Court disagreed. The Court reversed and declared that § 924(c)(1)'s language, "*any* other term of imprisonment"( emphasis added), applies to all terms of imprisonment, whether federal or state. The Court held that a § 924(c) five-year mandatory sentence cannot be imposed to run concurrently with a state or federal term of imprisonment. The Court specifically noted that there is no limit to a district court's sentencing authority to impose federal prison terms to run consecutively to, or concurrently with, other state or federal prison terms under 18 U.S.C. § 3584. *United States v. Gonzales,* 518 U.S. ——, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997).

This case is remanded to the trial court with direction to reinstate the original sentence imposed before review in this court.

REMANDED.