United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1035

_____

United States of America,       *
                              *

          Appellee,            *

                                   *    Appeal from the United States

     v.                        *    District Court for the

                                   *    Western District of Missouri.

Hubert J. Holmes,           *

                                   *        [UNPUBLISHED]

          Appellant.          *

_____

Submitted:  September 4, 1997

Filed: September 9, 1997

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Hubert J. Holmes pleaded guilty to armed robbery of a federally-insured bank, in violation of 18 U.S.C. § 2113 (a) and (d), and to using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The district court[1] sentenced Holmes to 235 months imprisonment on the robbery count, to run concurrently with two undischarged state terms of imprisonment; to 60 months imprisonment on the weapon count, to be served consecutively to the robbery

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

sentence and "any other state sentence"; and to 5 years supervised release. The court also ordered Holmes to make restitution in the amount of $2,868. On appeal, Holmes's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirm.

Counsel argues in his Anders brief that the district court erred in ordering the 60-month term of imprisonment to run consecutively to the period of incarceration resulting from Holmes's state convictions. This argument is foreclosed by United States v. Gonzales, 117 S. Ct. 1032, 1035, 1038 (1997) (holding that § 924(c) forbids federal district courts from directing 5-year term of imprisonment under that section to run concurrently with any other term of imprisonment, whether state or federal). After reviewing the record for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75, 80 (1988), we find none.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.