**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No.  No. 97-1575

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * Appeal from the United States |
| | * District Court for the |
| v. | * Western District of Missouri |
| | * |
| Tony O. Armstrong, also known as | * [UNPUBLISHED] |
| "Tony O", also known as "T", | * |
| | * |
| Defendant-Appellant. | * |

_____

Submitted: September 8, 1997
Filed: September 11, 1997

_____

Before McMillian, Bright, and Murphy, Circuit Judges.

_____

PER CURIAM.

Tony Orlando Armstrong appeals the sentence imposed by the district court[1] for his convictions of armed bank robbery in violation of 18 U.S.C. §2113 and use of a firearm in commission of a violent felony in violation of 18 U.S.C. §924(c).  Armstrong was sentenced to 188 months for the bank robbery conviction to run concurrently with a sentence of 300 months imposed previously for a different bank robbery in the

_____

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Northern District of Texas. He was also sentenced to 60 months for the firearm violation to run consecutively to the terms for the bank robberies. Armstrong argues that imposing a consecutive 60 month sentence for violating 18 U.S.C. §924(c) produces a result that Congress could not have intended because the Texas bank robbery was committed subsequent to the §924(c) offense.[2]

Congress explicitly provided that using a firearm in the commission of a violent crime carries a sentence of 60 months that may not "run concurrently with any other term of imprisonment." 18 U.S.C. §924(c). This language is clear and does not permit any discretion since a sentence under §924(c) may not be concurrent with "any other term." U.S. v. Gonzales, --- U.S. ----; 117 S.Ct. 1032, 1035 (1997); U.S. v. Murphy, 69 F.3d. 237, 244 (8th Cir. 1995).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] Armstrong also complains that the sentence imposed in Texas exceeded the statutory maximum, but that is not a matter for this court.