UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

DANTE XAVIER DUFFY,
　　　　*Defendant-Appellant.*

No. 02-4148

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-01-45)

Submitted: August 29, 2002

Decided: September 24, 2002

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

## COUNSEL

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian S. Cromwell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dante Xavier Duffy appeals his convictions after a guilty plea to bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a) (2000); bank larceny, aiding and abetting, in violation of §§ 2, 2113(b) (2000); armed bank robbery, aiding and abetting, in violation of §§ 2, 2113(d) (2000); and using, carrying, and brandishing a firearm during and in relation to bank robbery, aiding and abetting, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Duffy to consecutive terms of seventy-two months and eighty-four months imprisonment. Duffy argues the district court erred by denying his motion to elect between two charges, and by enhancing his sentence for amount of loss, role in the offense, and obstruction of justice. We affirm Duffy's convictions, vacate the sentence, and remand to the district court for resentencing.

Duffy filed a motion asking the Government to elect to proceed to trial on either the armed bank robbery count or the brandishing a firearm during a crime of violence count. The district court denied the motion. We review de novo this legal question. *See United States v. Imngren*, 98 F.3d 811, 813 (4th Cir. 1996). Duffy contends the imposition of sentences on both counts violates due process. To the extent Duffy bases his argument on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we conclude without difficulty that separate sentencing upon two separately charged offenses does not run afoul of *Apprendi*. *See id.* at 490. Nor are Duffy's arguments concerning the Due Process Clause, the Double Jeopardy Clause, or the Eighth Amendment persuasive. Although Duffy argues the district court erred by imposing the sentences consecutively, § 924(c) mandates that any sentence under that section be imposed consecutively to any other term of imprisonment. *See United States v. Gonzales*, 520 U.S. 1, 11 (1997).

Duffy challenges the enhancement of his base offense level under the sentencing guidelines for amount of loss, role in the offense, and obstruction of justice. Duffy argues because those factors increased the maximum penalty under the sentencing guidelines, they were elements that had to be charged in the indictment. This Court has rejected that argument. *See United States v. Kinter*, 235 F.3d 192,

199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). Contrary to Duffy's claim, *Kinter* is fully applicable to Duffy's due process arguments. *Id.* at 200.

Duffy contends the district court erred in imposing a two-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (2001) for his role in the offense because he was not a leader of the bank robbery. The district court's determination is reviewed for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). Under USSG § 3B1.1(c), a two-level enhancement is applied if the defendant was an organizer, leader, manager, or supervisor of any criminal activity that did not involve five or more participants and was not otherwise extensive. The district court relied on the investigating FBI agent's testimony that Duffy recruited his co-defendants, planned the robbery, and sketched the plan of the building. We have reviewed the record and the testimony presented at the sentencing hearing and cannot conclude that the district court clearly erred in finding the enhancement was appropriate.

Finally, Duffy contests the adjustment for obstruction of justice. This court reviews the district court's findings for clear error. *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995). The district court made two findings to support the adjustment: first, that Duffy made materially false statements to law enforcement officers that impeded their investigation; and second, that Duffy resisted arrest. From our review of the record, we are unable to find sufficient evidence under either theory to support this enhancement.

The district court applied the enhancement for obstruction of justice because of Duffy's "continuous efforts to mislead the investigating officers in a material way." However, some of the statements relied on by the Government, including Duffy's statement that his co-conspirator left town after the crime, do not appear to be false. Duffy's denial of knowledge about the robbery, or the van used in the robbery, cannot, without more, form the basis for an obstruction enhancement. USSG § 3C1.1, comment. (nn. 4(g), 5(b)). It is not clear on the present record that these statements substantially prolonged or impeded the investigation. Moreover, although Duffy was involved in a standoff with local law enforcement officials who sought to arrest him on a domestic violence charge, and those officers

learned of the bank robbery warrant during the standoff, there is no testimony suggesting that Duffy knew of, or was attempting to evade arrest on, the bank robbery arrest warrant. Because the current record does not support the obstruction enhancement, we vacate Duffy's sentence and remand for further proceedings.

We affirm Duffy's convictions, vacate his sentence, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED*
*AND REMANDED IN PART*