**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Gary Alvin LARSEN, Defendant—
Appellee.**

**No. 02–30404.
D.C. No. CR–02–00142–JLQ.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Thomas O. Rice, Esq., USSP–Office of the U.S. Attorney, James A. McDevitt, Esq., AUSA–Attorney's Office, Spokane, WA, for Plaintiff–Appellant.

Carlos Valero, Esq., Spokane, WA, for Defendant–Appellee.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

The government appeals Gary Alvin Larsen's 120–month sentence, imposed after his guilty plea convictions to use of fire to commit a federal felony, in violation of 18 U.S.C. § 844(h), and subornation of perjury, in violation of 18 U.S.C. § 1622. We have jurisdiction pursuant to 18 U.S.C. § 3742(b). We review de novo, *United States v. Beardslee*, 197 F.3d 378, 386 (9th Cir.1999), and we reverse and remand.

The government contends that the district court erred in imposing Larsen's sentences concurrently rather than consecutively as mandated by § 844(h). We agree.

The plain language of the statute requires a sentencing court to impose a sentence for a violation of § 844(h) consecutively with any other term of imprisonment. *See id.* at 387. *Cf. United States v. Gonzales*, 520 U.S. 1, 9–10, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) (rejecting limited reading of the same language in 18 U.S.C. § 924(c) and requiring consecutive sentences).

Accordingly, we reverse and remand for re-sentencing.

REVERSED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.