**UNITED STATES of America,**
**Appellee,**

v.

**Shern A. HODGE, aka "Shawn",**
**Defendant–Appellant.**

**Docket No. 02–1356.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2003.

Stephen Lance Cimino, Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney, Northern District of New York, (Glenn T. Suddaby, United States Attorney, Richard R. Southwick, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

On November 14, 2001, Defendant–Appellant Shern A. Hodge ("Hodge") waived indictment and pleaded guilty to: (1) conspiring to distribute cocaine base in an amount exceeding five grams in violation of 21 U.S.C. § 846, and (2) possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Chief Judge*) sentenced Hodge to sixty months imprisonment on each count, to be served consecutively. On appeal, Hodge argues that the District Court erred in concluding that it lacked discretion under the Sentencing Guidelines to downwardly depart by sentencing him to concurrent terms of imprisonment.

We review the District Court's interpretation of the Sentencing Guidelines *de novo*. *See United States v. Jeffers*, 329 F.3d 94, 97 (2d Cir.2003). Title 18, section 924(c)(1)(D) of the United States Code specifically provides: "Notwithstanding any other provision of law ... no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." As the Supreme Court held in *United States v. Gonzales*, 520 U.S. 1, 11, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997), "the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." *See also Hooper v. United States*, 112 F.3d 83, 87–88 (2d Cir.1997) (noting that § 924(c)(1) deprives the district court of the power to run the firearm

sentence concurrently with another sentence), *disapproved of on other grounds by Hernandez v. United States,* 202 F.3d 486, 489 (2d Cir.2000).

Because a mandatory sentencing requirement set by statute trumps any conflicting Sentencing Guidelines, *see United States v. Kirvan,* 86 F.3d 309, 311 (2d Cir.1996), the District Court correctly determined that § 924(c)(1) bars concurrent sentencing in this case. Accordingly, the judgment of the District Court is hereby AFFIRMED.