Justice Scalia,
concurring in part and concurring in the judgment.
I concur in the opinion of the Court with the exception of its discussion of legislative history in Part III-A-2. For reasons I have expressed elsewhere, I believe that the only language that constitutes “a Law” within the meaning of the Bicameralism and Presentment Clause of Article I, § 7, and *510 hence the only language adopted in a fashion that entitles it to our attention, is the text of the enacted statute. See, e. g., Conroy v. Aniskoff, 507 U. S. 511, 518-528 (1993) (Scalia, J., concurring in judgment). Here, the Court looks to legislative history even though the remainder of its opinion amply establishes that the Speedy Trial Act is unambiguous. The Act’s language rejects the possibility of a prospective waiver, and even expresses the very point that the Court relies on legislative history to support — that the Act protects the interests of the public as well as those of the defendant. See ante, at 500-501 (citing 18 U. S. C. § 3161(h)(8)(A)). Use of legislative history in this context thus conflicts not just with my own views but with this Court’s repeated statements that when the language of the statute is plain, legislative history is irrelevant. See, e. g., United States v. Gonzales, 520 U. S. 1, 6 (1997). “We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.” Connecticut Nat. Bank v. Germain, 503 U. S. 249, 253-254 (1992) (citations and internal quotation marks omitted).
It may seem that there is no harm in using committee reports and other such sources when they are merely in accord with the plain meaning of the Act. But this sort of intellectual piling-on has addictive consequences. To begin with, it accustoms us to believing that what is said by a single person in a floor debate or by a committee report represents the view of Congress as a whole — so that we sometimes even will say (when referring to a floor statement and committee report) that “Congress has expressed” thus-and-so. See, e. g., Conroy, supra, at 516-517. There is no basis either in law or in reality for this naive belief. Moreover, if legislative history is relevant when it confirms the plain meaning of the statutory text, it should also be relevant when it contradicts the plain meaning, thus rendering what *511 is plain ambiguous. Because the use of legislative history is illegitimate and ill advised in the interpretation of any statute — and especially a statute that is clear on its face — I do not join this portion of the Court’s opinion.