NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0518n.06

No. 08-6171

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| ISAIAH LAMAR ROBINSON, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and ROGERS, Circuit Judges; SARGUS, District Judge.[*]

**COLE, Circuit Judge.** Defendant-Appellant Isaiah Lamar Robinson appeals his 828-month sentence imposed by the district court following a guilty plea. We **AFFIRM**.

On the second day of his trial, Robinson pleaded guilty to six counts of a federal indictment based on his armed robbery of three Shell gas stations in Georgetown, Kentucky. Counts one, three, and five charged Robinson with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and counts two, four, and six with discharging a firearm during the commission of a federal crime of violence in violation of 18 U.S.C. § 924(c)(1). For each of counts one, three, and five, Robinson's guidelines range was 108 to 135 months' imprisonment, and the district court imposed a sentence of 108 months for each, to run concurrently. Count two carried a mandatory minimum of 10 years, and

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Court for the Southern District of Ohio, sitting by designation.

counts four and six each had mandatory minimums of 25 years, totaling a mandatory-minimum sentence of 60 years on the § 924(c) violations. The district court imposed the mandatory-minimum sentences on counts two, four, and six and ordered that they run consecutive to each other and the 108-month sentence, resulting in a total sentence of 828 months of imprisonment.

On appeal, Robinson contends that the district court abused its discretion by imposing the 60-year sentence consecutive to the 108 months imposed as a result of counts one, three, and five. Robinson argues that a 60-year sentence was sufficient and that the district court should have ordered that the sentences run concurrently. However, "the plain language of 18 U.S.C. § 924(c) forbids a district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." *United States v. Gonzales*, 520 U.S. 1, 11 (1997). Thus, the district court did not err in imposing Robinson's § 924(c) sentences consecutive to the 108-month sentence. To the extent that Robinson also claims that the imposition of consecutive sentences for each § 924(c) violation was in error, this argument is also foreclosed. *See United States v. Clark*, 634 F.3d 874, 877 (6th Cir. 2011) ("[T]he district court did not err in imposing separate, consecutive, sentences for each of the section 924(c) violations." (citing *Abbott v. United States*, --- U.S. ---, 131 S. Ct. 18, 22 (2010))).

Accordingly, we **AFFIRM** the sentence imposed by the district court. The government's motion to dismiss Robinson's appeal is **DENIED** as moot.