FILED

DEC 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30181 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00119-EJL |
| v. | |
| JUSTINE LAWRENZ LINGATONG, a.k.a. Justine Lawrenz San M Lingatong, a.k.a. Turbo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Justine Lawrenz Lingatong appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

bank fraud, in violation of 18 U.S.C. § 1344; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government contends that this appeal should be dismissed because it is moot and because it is barred by the appeal waiver set forth in Lingatong's plea agreement. Because we cannot ascertain from the record whether any effective relief can be granted, we deny the government's request to dismiss the appeal as moot. *See Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006). We also decline to dismiss the appeal on the basis of the appeal waiver and instead affirm on the merits. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Lingatong contends that the district court erred in concluding that 18 U.S.C. § 1028A required that his federal sentence for aggravated identity theft be imposed consecutively to, rather than concurrently with, his state prison term. We review issues of statutory interpretation de novo. *See United States v. Begay*, 622 F.3d 1187, 1193 (9th Cir. 2010). Contrary to Lingatong's contention, section 1028A required the court to run his sentence consecutively. *See* 18 U.S.C. § 1028A; *United States v. Gonzalez*, 520 U.S. 1, 5 (1997).

**AFFIRMED.**