NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50159 |
| Plaintiff-Appellee, | |
| v. | D.C. No.<br>CR 17-82-CJC |
| DANIEL JERMAINE USHER, AKA Baby, AKA Baby Toast Face, AKA Babytoast, AKA Toast Face, AKA Toast-Face, AKA Toastface, AKA Daniel Jamaine Usher, AKA Daniel Jermain Usher, AKA Daniel Jermane Usher, AKA Daniel Jermiane Usher, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Daniel Usher appeals his conviction and sentence for three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We vacate three unconstitutional conditions of supervised release and remand to correct the same, and otherwise affirm.

1.      Usher contends that the evidence presented at trial was legally insufficient to establish, beyond a reasonable doubt, that he used Bank of America ("BOA") customers' personal identification numbers, known as "PINs," to access their accounts on BOA ATMs and withdraw cash. We disagree. "Evidence is sufficient to support a conviction unless, viewing the evidence in the light most favorable to sustaining the verdict, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Overton*, 573 F.3d 679, 685 (9th Cir. 2009). At trial, BOA representatives testified that BOA's ATMs required customers' PINs to be entered before each cash withdrawal. Bank records showed the exact time of each cash withdrawal from the customers' accounts, and time-stamped surveillance footage showed precisely when Usher and the customers stood at the ATMs. Together, this evidence sufficiently supported the conclusion, beyond a reasonable doubt, that Usher must have used the customers' PINs to withdraw cash from their accounts.

2.      Usher also argues that, even if the evidence proved that he used the

PINs, he is still not liable for aggravated identity theft because the PINs are not covered by the definition of "means of identification" set forth in 18 U.S.C. § 1028(d)(7). This argument is without merit. The PINs are unambiguously "number[s] that may be used, alone or in conjunction with any other information, to identify a specific individual." *Id.*

3.      Turning to his sentencing, Usher argues that the district court erred by interpreting 18 U.S.C. § 1028A(b)(2) to require Usher's three concurrent sentences for aggravated identify theft to run consecutively to all of his sentences for state-law offenses. Applying *de novo* review, *see United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008), we hold that the district court was correct. Section 1028A explicitly states that, "[n]otwithstanding any other provision of law," sentences imposed under this provision may not run "concurrently with any other term of imprisonment imposed on the person under any other provision of law." 18 U.S.C. 1028A(b). We see no reason to exclude state sentences from the ambit of this provision. *See United States v. Gonzales*, 520 U.S. 1, 4–5 (1997) (interpreting the phrase "any other term of imprisonment" in a similar statute to include "those imposed by state courts").

4.      Finally, following *United States v. Ped*, 943 F.3d 427, 432–34 (9th Cir. 2019), we vacate conditions five, six, and fourteen of Usher's supervised release, which are unconstitutional under *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018), and remand to the district court with instructions to impose any

alternative conditions it deems appropriate.

**AFFIRMED in part, VACATED in part, and REMANDED for the limited purpose of modifying the conditions of supervised release.**