13-3655-cr
United States v. Weisinger

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fourteen.

PRESENT: REENA RAGGI,
 PETER W. HALL,
 GERARD E. LYNCH,
  *Circuit Judges.*

--------------------------------------------------------------------------

UNITED STATES OF AMERICA,
  *Appellee*,

 v.                                                                   No. 13-3655-cr

BENJAMIN H. WEISINGER,
  *Defendant-Appellant.*

--------------------------------------------------------------------------

APPEARING FOR APPELLANT:     BARCLAY T. JOHNSON (David L. McColgin, Assistant Federal Public Defender, *on the brief*), Research and Writing Attorney, *for* Michael L. Desautels, Federal Public Defender for the District of Vermont, Burlington, Vermont.

APPEARING FOR APPELLEE:      PAUL J. VAN DE GRAAF (Gregory L. Waples and Wendy L. Fuller, *on the brief*), Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

1

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 5, 2013, is AFFIRMED.

Defendant Benjamin H. Weisinger, who was found guilty after trial of producing and receiving child pornography, see 18 U.S.C. §§ 2251(a), 2252(a)(2), appeals his conviction based on purported evidentiary errors and his below-Guidelines 18-year prison sentence based on an alleged Guidelines miscalculation. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Evidentiary Errors

       a.       Pretrial Denial of Motion To Suppress Weisinger's Statements to Police

Weisinger argues that the district court erroneously concluded that he was not "in custody" when he made statements to the police without Miranda warnings and that the court therefore erred in failing to suppress those statements. Miranda v. Arizona, 384 U.S. 436, 445 (1966) (holding warnings required only when individual in custody); accord Georgison v. Donelli, 588 F.3d 145, 155 (2d Cir. 2009). Specifically, Weisinger contends that (1) the district court improperly required him to bear the burden of proving that he was in custody when questioned, and (2) the facts show that he was in custody.

We review purported Miranda error de novo, accepting the district court's underlying findings of fact in the absence of clear error. See United States v. Jiau, 734

F.3d 147, 151 (2d Cir. 2013); United States v. Rodriguez, 356 F.3d 254, 257 (2d Cir. 2004). Where, as here, the facts are undisputed, a misplaced burden argument requires no discussion because this court can proceed directly to its own de novo review of the legal question of whether a reasonable person in Weisinger's position at the time he made the challenged statements would understand that he was subject to formal arrest or restrained to a degree associated with formal arrest. See J.D.B. v. North Carolina, 131 S. Ct. 2394, 2402 (2011) (explaining that person is in custody when reasonable person in suspect's position would understand that he or she was subject of "formal arrest or restraint on freedom of movement to degree associated with formal arrest" (internal quotation marks omitted)).

The totality of circumstances here demonstrate that Weisinger was not in custody during the police questioning at issue so as to require Miranda warnings. See United States v. FNU LNU, 653 F.3d 144, 154 (2d Cir. 2011) (observing that custody assessment is "holistic"). Among the factors informing this decision are: (1) police questioned Weisinger before placing him under arrest and in the familiar surroundings of a friend's home where Weisinger was then staying, see generally United States v. Newton, 369 F.3d 659, 675 (2d Cir. 2004) ("[A]bsent an arrest, interrogation in the familiar surroundings of one's own home is generally not deemed custodial."); (2) before and during questioning, police solicited and received Weisinger's consent to speak with them, see generally United States v. FNU LNU, 653 F.3d at 153 (identifying suspect's voluntary participation in interview as relevant to assessment of custody); and (3) during questioning, police did not

handcuff Weisinger, display their firearms, or otherwise indicate to Weisinger—physically or verbally—that he was not free to leave, see United States v. Newton, 369 F.3d at 676 ("Handcuffs are generally recognized as a hallmark of a formal arrest."); Campaneria v. Reid, 891 F.2d 1014, 1021 n.1 (2d Cir. 1989) (holding that person was not in custody where "officers had not physically or verbally indicated to [him] that he was not free to leave"); cf. United States v. Drayton, 536 U.S. 194, 205 (2002) (observing that "holstered firearm" unlikely to contribute to coerciveness of encounter absent "active brandishing"). To be sure, the questions posed by police indicated that Weisinger was suspected of criminal activity.  This alone, however, is not enough to manifest custody where, as here, "the objective circumstances of the interrogation" overall would not have led a reasonable person to think that he was not "at liberty to terminate the interrogation" or that he was otherwise restrained to a degree associated with a formal arrest.  Howes v. Fields, 132 S. Ct. 1181, 1189 (2012) (internal quotation marks omitted); see J.D.B. v. North Carolina, 131 S. Ct. at 2402; United States v. FNU LNU, 653 F.3d at 154.

Accordingly, we identify no Miranda error in the district court's denial of Weisinger's motion to suppress statements he made in response to non-custodial police interrogation.

b.     Trial Rulings on Evidence

(i)     Rule 403 Challenge to Evidence of Past Abuse and Sexual Predilections

Weisinger contends that evidence of his past abuse of the minor victim of his charged crimes, as well as of his sexual predilections, were substantially more unfairly

4

prejudicial than probative and, therefore, inadmissible under Fed. R. Evid. 403.  We review such an evidentiary challenge for abuse of discretion, which we will identify only if the district court's decision to admit the evidence at issue rests on an error of law or clearly erroneous factual finding, or cannot be located within the range of permissible decisions. See In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 135 (2d Cir. 2008).   No such abuse is evident here.

Insofar as the district court allowed Weisinger's victim, on direct examination, to testify about past physical abuse, such evidence was probative to demonstrate how Weisinger gained control over the minor victim and how he groomed her to participate in and transmit the charged pornographic depictions of herself.   See United States v. Curley, 639 F.3d 50, 58–59 (2d Cir. 2011); see also United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995) (concluding that evidence of past abuse of victim and her family "was admissible to explain [victim's] submission to the acts and her delay in reporting the sexual abuse").   Similarly, evidence of Weisinger's online viewing of erotic incest stories, particularly involving stepfathers and stepdaughters, was probative of his intent to produce and receive pornography involving the minor daughter of his live-in girlfriend.   See United States v. Brand, 467 F.3d 179, 197 (2d Cir. 2006) (holding that evidence of prior acts is probative of intent to commit charged acts if there is "similarity or some connection" between acts (internal quotation marks omitted)).   Moreover, we identify no unfair prejudice in admission of this evidence in light of limits placed on its initial admission by the district court.   See generally United States v. Awadallah, 436 F.3d 125, 131 (2d Cir.

2006) (holding that where record shows district court "conscientiously balanced the proffered evidence's probative value with the risk for prejudice," its Rule 403 determination will be disturbed only if "arbitrary or irrational"); see also United States v. O'Connor, 650 F.3d 839, 853 (2d Cir. 2011) (concluding that district court "plainly conducted a Rule 403 balancing analysis" where it had excluded portions of proffered evidence to reduce prejudice).

As for the victim's more expansive redirect testimony of Weisinger's past abuse, the district court acted well within its discretion in concluding that Weisinger had "open[ed] the door" to this testimony by his own cross-examination of the victim. United States v. Reyes, 18 F.3d 65, 70 (2d Cir. 1994). In urging otherwise, Weisinger argues that the victim's direct testimony of past abuse presented him with a "Hobson's choice" of either letting the testimony stand unchallenged or delving into the details of the abuse. We are not persuaded because the victim's credibility was at issue in any event and subject to attack by a variety of means unrelated to past abuse, including personal bias, maternal manipulation, and delayed reporting. Weisinger made the strategic choice to go further in attacking credibility, eliciting detailed accounts of the victim's prior reports of physical abuse in an apparent attempt to demonstrate both implausibility and inconsistency. In these circumstances, he cannot complain of unfair prejudice when the district court reasonably exercised its discretion to allow redirect examination on the same subject.

Weisinger also argues that the probative value of admitted predilection evidence seized from his computer was reduced by the fact that others used the computer. The

record indicates that the district court took this into account in conducting its Rule 403 balancing, and because we cannot conclude that it was thereby precluded from ruling in favor of admission, we identify no abuse of discretion. See United States v. Awadallah, 436 F.3d at 131.

Finally, our rejection of Weisinger's various Rule 403 challenges finds further support in the district court's limiting instructions, which effectively minimized any risk of unfair prejudice. See United States v. Abu-Jihaad, 630 F.3d 102, 133 (2d Cir. 2010).

(ii)    Expert Testimony

We review Weisinger's challenge to expert testimony about the frequency with which minors fail promptly to report sexual abuse for abuse of discretion, and we identify none here. See United States v. Williams, 506 F.3d 151, 159–60 (2d Cir. 2007) (instructing that decision to admit expert testimony under Fed. R. Evid. 702 is reviewed for abuse of discretion and "decision to admit scientific evidence is not an abuse of discretion unless it is manifestly erroneous" (internal quotation marks omitted)).

Weisinger argues that the possibility of delayed reporting by abuse victims is common knowledge not requiring expert testimony. See Fed. R. Evid. 702(a). But the decision as to when an expert opinion would be helpful to a jury is best left to the district court's discretion, see United States v. DiDomenico, 985 F.2d 1159, 1163 (2d Cir. 1993), and Weisinger has failed to show that the district court's decision in the matter was manifestly erroneous.

Equally meritless is Weisinger's claim that the expert implicitly, and improperly, vouched for the victim's credibility regarding past abuse. See Nimely v. City of New York, 414 F.3d 381, 398 (2d Cir. 2005) (stating that expert may not evaluate witness credibility). The expert did not discuss Weisinger's purported abuse of the victim; indeed, he stated that he never met the victim, her family, or anyone who knew her other than the prosecutor. Moreover, the expert did not testify that delayed reporting was proof of abuse. He stated only that delayed reporting was not inconsistent with abuse.

As for Weisinger's Daubert challenge to the expert's testimony, the district court satisfactorily explained how the proffered opinions were supported by empirical, peer-reviewed research, well accepted in the courts. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 593–94 (1993). Thus, Weisinger's challenge to the admission of expert testimony fails on the merits.

(iii)     Alleged Discovery Violations

Weisinger argues that the prosecution's failure timely to provide discovery of certain evidence as required by Fed. R. Crim. P. 16 and a local court rule should have resulted in exclusion of that evidence at trial. Once again, we review only for abuse of discretion and identify none. See United States v. Miller, 116 F.3d 641, 681 (2d Cir. 1997).

The government argues that there was no Rule 16 violation because the evidence at issue was not in the government's actual or constructive possession until shortly before trial, and was disclosed to the defense as soon as the government acquired it. While the

8

government's argument has considerable force, we need not reach this question because, even assuming arguendo that there was a violation, Weisinger has not shown prejudice from the timing of the disclosures.

The district court enjoys broad discretion in determining what remedial action, if any, is appropriate to address a prosecution discovery violation. See id. Here, the district court denied Weisinger's request for a continuance based on purportedly belated disclosure of cell phone evidence, but did so without prejudice to Weisinger's renewing his request if his expert was not able to evaluate the evidence in time for trial. Because Weisinger failed thereafter to request more time, we can hardly conclude that he was "substantial[ly] prejudiced" by the district court's ruling. Id. (internal quotation marks omitted).

Weisinger similarly fails to show prejudice in the admission of an email that was disclosed shortly before trial. Although Weisinger submits that earlier disclosure would likely have altered his trial strategy, such a conclusory assertion is not enough to "demonstrate" an adverse effect on trial strategy. United States v. Thomas, 239 F.3d 163, 168 n.17 (2d Cir. 2001) (internal quotation marks omitted). Insofar as Weisinger complains of insufficient time to analyze other belatedly disclosed emails not introduced at trial, he presumably would have been in this position regardless of the one email's admission and, in any event, does not demonstrate how further review of the unadmitted emails would have aided his defense or altered his trial strategy.

9

In sum, because Weisinger fails to demonstrate that he was prejudiced by the district court's handling of belated discovery disclosures, he is not entitled to vacatur of his conviction.[1]

2.      Sentencing Challenge

Weisinger submits that procedural error in his Guidelines calculation renders his below-Guidelines 18-year prison sentence unreasonable. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc); United States v. Confredo, 528 F.3d 143, 150 (2d Cir. 2008). Specifically, Weisinger contends that a two-level enhancement for offenses involving "sexual contact," U.S.S.G. § 2G2.1(b)(2)(A), was unwarranted here, where the pornography crimes of conviction depict his victim engaged in masturbation, rather than sexual contact with another person.

We review a district court's interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. See United States v. Broxmeyer, 699 F.3d 265, 281 (2d Cir. 2012). On such review, we conclude that Weisinger's sentencing challenge fails. The applicable definition of "sexual contact," which the Guidelines borrow from 18 U.S.C. § 2246(3), see U.S.S.G. § 2G2.1 Application Note 2, is "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," 18 U.S.C. § 2246(3) (emphasis added). This expansive definition, with its repeated emphasis on "any person," plainly reaches masturbation.

---

[1] Because we identify no error by the district court, we need not consider whether the cumulative effect of alleged errors demands vacatur.

10

Weisinger cites us to no authority supporting a different construction of this plain language. See United States v. Sash, 396 F.3d 515, 522 (2d Cir. 2005) ("[W]hen the language of the Guidelines provision is plain, the plain language controls." (internal quotation marks omitted)); see also United States v. Pawlowski, 682 F.3d 205, 212 (3d Cir. 2012) (interpreting "sexual contact" to include masturbation); United States v. Shafer, 573 F.3d 267, 273–74 (6th Cir. 2009) (same); United States v. Aldrich, 566 F.3d 976, 979 (11th Cir. 2009) (same). Rather, he argues that to cover masturbation, the statutory definition would have needed to reference the touching of "any person or oneself." But canons of construction do not require redundancy where Congress has used the all-encompassing word "any." See Deravin v. Kerik, 335 F.3d 185, 204 (2d Cir. 2003) ("As the Supreme Court has noted, '[r]ead naturally, the word "any" has an expansive meaning,' and thus, so long as 'Congress did not add any language limiting the breadth of that word,' the term 'any' must be given literal effect." (alteration in original) (quoting United States v. Gonzales, 520 U.S. 1, 5 (1997))). Further, where, as here, statutory language is plain, we have no reason to resort to the rule of lenity, as Weisinger urges. See Salinas v. United States, 522 U.S. 52, 66 (1997); accord Adams v. Holder, 692 F.3d 91, 107 (2d Cir. 2012).

Moreover, as the district court correctly concluded, Weisinger's own sexual contact with the victim in grooming her for the crimes of conviction independently supports a § 2G2.1(b)(2)(A) enhancement. See U.S.S.G. § 1B1.3(a)(1)(A) (instructing that enhancements apply to all acts by defendant "in preparation for" crime of conviction).

Thus, we reject Weisinger's sentencing challenge as without merit.

11

We have considered Weisinger's remaining arguments and conclude that they too are meritless. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court