*United States v. Patterson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> BETH ROBINSON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                24-905

GARFIELD ANTHONY PATTERSON,

*Defendant-Appellant*.

---

For Appellee:               NEERAJ N. PATEL, Assistant United States Attorney (Sanda S. Glover, Assistant United States Attorney, *on the brief*), *on behalf of* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:   LILLIAN ODONGO, Assistant Federal Defender, *on behalf of* Terence S. Ward, Federal Defender for the District of Connecticut, New Haven, CT.

1

Appeal from a judgment of the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Garfield Anthony Patterson appeals from a March 28, 2024 judgment, entered after a jury trial, convicting him of reentering the country as a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1).  On appeal, Patterson principally argues that a supplemental instruction given in response to a jury question during deliberations impermissibly relieved the government of its burden of proof as to one of the elements of the charged offense.  He further asserts that the court erred in denying his pretrial motion to suppress statements made to law enforcement.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to affirm.

## I.    Supplemental Jury Instruction

We review jury instructions *de novo* but reverse only if we determine that "all of the instructions, taken as a whole, caused [the] defendant prejudice."  *United States v. Gershman*, 31 F.4th 80, 99 (2d Cir. 2022) (internal quotation marks and citation omitted).  And "we will not reverse a conviction if the government can show harmlessness, *i.e.*, show that it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'"  *United States v. Ng Lap Seng*, 934 F.3d 110, 129 (2d Cir. 2019) (quoting *United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013)).

Here, even assuming *arguendo* that the supplemental jury instruction was erroneous, that error was harmless.  Patterson argues that the district court's supplemental jury instruction had the effect of relieving the government of proving his physical deportation from the United States

2

beyond a reasonable doubt. But the district court's instructions fell short of directing the jury that the government had met its burden of proof on the deportation element. *Cf. United States v. Natale*, 526 F.2d 1160, 1167 (2d Cir. 1975) (holding that when "the trial judge did charge each element of the offense[,] [h]is indication that he did not 'think' that there was any dispute in the evidence as to the first two elements of the offense fell far short of an actual direction to the jury . . . ."). And not every instructional error lessens the government's burden of proof so as to violate due process. *See United States v. Jackson*, 196 F.3d 383, 386 (2d Cir. 1999) (explaining that for an instructional error about a controverted element of a charge we ask, in part, "whether the jury would nonetheless have returned the same verdict of guilty"). Here, the government presented abundant evidence of deportation. The government introduced Patterson's properly executed warrant of removal and deportation, along with the testimony of two Immigration and Customs Enforcement ("ICE") agents who were personally involved in Patterson's deportation. Both ICE agents testified about the procedures in place to ensure that a deportee was removed from the country. Moreover, one of the ICE agents testified that her two signatures on the warrant of removal and deportation indicated that she had first witnessed Patterson get on the flight deporting him from Miami to Jamaica and then verified that his deportation was completed. On this record, we are convinced that the evidence was "so substantial that the jury would have convicted him absent any error." *United States v. Munoz*, 765 F. App'x 547, 552 (2d Cir. 2019) (summary order). Accordingly, any error in the district court's supplemental jury instruction was harmless.

## II. Pretrial Denial of Motion to Suppress Patterson's Statement to Police

Patterson next argues that the district court erroneously concluded that he was not "in custody" when he made statements to the police without *Miranda* warnings and the court thus erred in failing to suppress those statements. On appeal from a suppression ruling, we review

factual findings for clear error and questions of law *de novo*. *United States v. Faux*, 828 F.3d 130, 134 (2d Cir. 2016). Determining whether Patterson was in custody when he was questioned by police involves an objective inquiry into "whether a reasonable person in defendant's position would have understood himself to be subject to the restraints comparable to those associated with a formal arrest." *United States v. Newton*, 369 F.3d 659, 671 (2d Cir. 2004) (internal quotation marks and citation omitted).

We agree with the district court that Patterson was not in custody during the police questioning at issue, and so no *Miranda* warnings were required. The police never placed restraints on Patterson, nor was he arrested at the conclusion of the interview. *Faux*, 828 F.3d at 138. The police officers told Patterson that he was not under arrest. *Newton¸* 369 F.3d at 676. Patterson also agreed to the police officer's request that he voluntarily go to the police station. *United States v. Weisinger*, 586 F. App'x 733, 735 (2d Cir. 2014) (summary order) (identifying that "police solicited and received [defendant's] consent to speak with them" as a factor contributing to the determination that the defendant was not in custody). Moreover, Patterson signed a sworn statement saying, "I was aware that I was free to leave, but I wanted to be honest with police about the incident." App'x at 74.

To be sure, there are also circumstances that could suggest that Patterson was in custody, such as the length of the interrogation and its location at a police station. But, considering the totality of the circumstances, we conclude there was not "a restraint of freedom of movement akin to that associated with a formal arrest." *United States v. Santillan*, 902 F.3d 49, 60 (2d Cir. 2018).

Patterson also contends that his interrogation was "a variant of the forbidden two-stage interrogation technique from *Missouri v. Seibert*, 542 U.S. 600 (2004)." Appellant's Br. at 20. The determination that Patterson was not in custody necessarily defeats this argument. *Seibert*

4

asks whether the government attempted to undermine *Miranda*'s protections. *United States v. Moore*, 670 F.3d 222, 228 (2d Cir. 2012). It is thus only relevant when *Miranda* warnings are required. *Id.* Accordingly, we identify no error in the district court's denial of Patterson's motion to suppress statements he made while not in custody.

*   *   *

We have considered Patterson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk