**NOT FOR PUBLICATION**

FILED

DEC 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10348 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-234-PMP-GWF |
| v. | |
| DONNIE BRYANT, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted December 2, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Donnie Bryant was convicted on several counts under the Violent Crimes in

Aid of Racketeering Activity ("VICAR") statute, 18 U.S.C. § 1959(a), and for

using a firearm during and in relation to a crime of violence under 18 U.S.C.

§ 924(c). On appeal, Bryant argues: (1) that the evidence was insufficient to

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

support his convictions under VICAR; and (2) that several of his VICAR and § 924(c) convictions were multiplicitous and violated the Double Jeopardy clause. We affirm in part, remand with instructions to vacate in part, and dismiss in part. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

Bryant did not renew his Rule 29 motion for acquittal at the conclusion of all the evidence. Thus, the panel reviews the sufficiency of the evidence to support the VICAR convictions for "plain error." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). Under a plain error review, the panel reviews the evidence to determine whether there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004) (citations omitted). "In reviewing the sufficiency of the evidence, we must determine whether 'viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Barragan*, 263 F.3d 919, 922 (9th Cir. 2001) (quoting *United States v. Symington*, 195 F.3d 1080, 1088–89 (9th Cir. 1999)).

A.     To be convicted under VICAR, one must be engaged in an enterprise "the activities of which affect, interstate or foreign commerce."  18 U.S.C. § 1959(b)(2). Under the plain error standard, sufficient evidence supports this element of Bryant's conviction.  The government presented witness testimony that: (1) Bryant was a member of Squad Up; (2) Squad Up was a gang; and (3) Squad Up was involved in the interstate drug trade.  Involvement in the interstate drug trade certainly has an effect on interstate commerce.  *Accord United States v. Shryock*, 342 F.3d 948, 985 (9th Cir. 2003)) (finding that "the jurisdiction requirement [in the RICO context] is met if the enterprise or its activities engaged in or involved interstate or international drug trafficking, use of interstate communication devices, or possession or use of weapons which traveled in interstate commerce") (quotation marks omitted).  Thus, the government presented evidence, from which a reasonable juror could conclude that Bryant's activities affected interstate commerce.

B.     VICAR requires that the defendant's crime be "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering."  18 U.S.C. § 1959(a).  Under the plain error standard, sufficient evidence supports this element of Bryant's conviction.  The jury heard evidence that Squad Up required its members to "put in" work in order to move up within

the gang's ranks. The jury heard evidence that a Squad Up member could put in work by shooting rival gang members or protecting the gang's territory. Moreover, the jury heard evidence that Bryant was a "gunslinger." Finally, the jury heard evidence that the shooting victims were threatened by Squad Up members for selling drugs in Squad Up territory. Thus, the jury had ample evidence, upon which to conclude that Bryant's purpose in committing the murder was to "maintain[] or increas[e] position in [Squad Up]."

C. Bryant argues that the district court gave erroneous jury instructions on the "purpose" element of VICAR. We disagree. "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Frega*, 179 F.3d 793, 807 n.16 (9th Cir. 1999). Read as a whole, the jury instructions, though not perfect, were not misleading.[1]

---

[1]Though we uphold the jury instruction in this case, the court's jury instruction could benefit from more precise phrasing. *See United States v. Smith*, 520 F.3d 1097, 1104 n.3 (9th Cir. 2008). Accordingly, we request that the Ninth Circuit Jury Instructions Committee examine this matter and clarify proper jury instructions for future reference. Specifically, we direct the Committee's attention to this Court's articulation of the controlling legal standard for the "purpose" element of VICAR in *United States v. Banks*, 514 F.3d 959 (9th Cir. 2008).

## II

"Where a defendant fails to raise the issue of multiplicity of convictions and sentences before the district court, [the court] review[s] the district court's decision for plain error." *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007).

A.    Bryant argues, and the government concedes, that the jury convicting Bryant on four charges of 18 U.S.C. § 1959(a)(5) (VICAR-attempted murder) and on four charges of 18 U.S.C. § 1959(a)(3) (VICAR-assault with a dangerous weapon) was multiplicitous and violated the Double Jeopardy clause.  We agree.  Accordingly, we remand back to the district court with instructions to vacate the § 1959(a)(5) conviction for each pair, without prejudice, subject to re-imposition upon government motion should Bryant succeed in having the § 1959(a)(3) counts vacated in appellate or post-conviction proceedings.[2]

18 U.S.C. § 924(c) creates an additional punishment for using a firearm "during and in relation to any crime of violence." Consequently, a § 924(c) conviction must correspond to some underlying violent crime.  Bryant was indicted on twelve counts of violating § 924(c) and convicted on all but two of those counts.  However, three of those counts, 32–34, corresponded with Bryant's 18

---

[2]Bryant's count 4 conviction under 18 U.S.C. § 1959 (a)(5) (VICAR-conspiracy to commit murder) was not multiplictious.  Bryant conceded this at oral argument, and we affirm it here.

U.S.C. § 1959(a)(5) (VICAR-attempted murder) convictions, which are now being vacated. Thus, we remand Bryant's § 924(c) convictions under counts 32–34 with instructions to vacate, without prejudice, subject to re-imposition upon government motion should Bryant succeed in having the § 1959(a)(3) counts vacated in appellate or post-conviction proceedings.

B.    The jury also returned a guilty verdict under § 924(c) on count 36. This count incorporated by reference count 16, for which Bryant was never charged. Therefore, it was error for the jury to return a guilty verdict on this count. Accordingly, we dismiss Bryant's count 36 conviction.

**AFFIRMED IN PART, REMANDED WITH INSTRUCTIONS TO VACATE IN PART, AND DISMISSED IN PART.**