**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10047 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00234-PMP-GWF-1 |
| v. | |
| DONNIE BRYANT, AKA Little Donnie, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: TROTT and GRABER, Circuit Judges, and RESTANI,[**] Judge.

Defendant-Appellant Donnie Bryant was convicted of numerous weapons

offenses and violent crimes in aid of racketeering ("VICAR"), including murder,

for acts he committed as a juvenile. The district court, acting pursuant to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

mandatory sentencing statutes, sentenced Bryant to life imprisonment for the VICAR-murder count plus an additional 40 years for the other offenses. Following the Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012), which held that the Eighth Amendment prohibits a juvenile homicide offender from being subjected to a mandatory sentence of life in prison without parole, Bryant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. In that motion, Bryant also argued that his convictions should be vacated because the district court gave an erroneous jury instruction regarding VICAR's "purpose" element. The district court granted Bryant's motion for re-sentencing in the light of Miller, but denied Bryant's motion to vacate the convictions. The district court subsequently sentenced Bryant to 40 years in prison for his VICAR-murder conviction, for a total of 80 years for all of the counts of conviction.

Bryant appeals both the denial of his motion to vacate his convictions and his amended sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Bryant argues that the district court erred in denying his motion to vacate his convictions as untimely and in holding in the alternative that Bryant's jury instruction claim lacked merit. Regardless of whether Bryant's motion was timely, he has not shown that he is entitled to relief on the merits. As the district court correctly concluded, Bryant's jury-instruction argument was considered and

2

rejected on direct appeal. See United States v. Bryant, 357 F. App'x 945, 947 (9th Cir. 2009) (holding that although the instruction was imperfect, viewed as a whole, it was not misleading in guiding the jury's deliberation). Bryant may not have a second bite at the apple via a § 2255 motion. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). Bryant's claims based on his appellate counsel's ineffectiveness in raising the issue on direct appeal are therefore unpersuasive. See Strickland v. Washington, 466 U.S. 668, 687, 691–92 (1984) (reversal warranted only if defendant can show objectively unreasonable performance and prejudice).

**2.** Bryant next argues that the district court abused its discretion by failing to consider all of the factors of youth mentioned in Miller. We reject this argument. The district court understood that it had discretion to depart from a life sentence and performed an individualized assessment of Bryant before sentencing him to 40 years for the murder charge and to a total of 80 years.[1] See Bell v. Uribe, 748 F.3d 857, 869–70 (9th Cir. 2014) (discussing application of Miller). The district court

---

[1] We assume, without deciding, that a district court must consider on an individualized basis the practical effect of aggregated statutory mandatory minimum sentences other than life in prison or mandatory minimum sentences aggregated with a sentence that is made discretionary for juveniles only by reason of Miller. Here, it is clear that the district court performed an individualized assessment in determining that a total sentence of 80 years was appropriate.

We do not decide whether Miller applies retroactively on collateral review. Here, retroactive effect was conceded.

thoroughly considered the record and arguments, and it took into consideration "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison" when sentencing Bryant. Miller, 132 S. Ct. at 2469.

To the extent Bryant argues that the district court erred under Miller by refusing to grant a continuance so that Bryant could receive a psychiatric examination, the district court did not abuse its discretion in denying the request. See United States v. Wills, 88 F.3d 704, 711 (9th Cir. 1996) (reviewing refusal to grant continuance for abuse of discretion); United States v. Bos, 917 F.2d 1178, 1183 (9th Cir. 1990) (reviewing refusal to order psychological examination under 18 U.S.C. § 4244(b) for abuse of discretion). The request was made at the sentencing hearing, the district court was already well informed as to Bryant's troubled upbringing and the mitigating characteristics of youth, and Bryant's own counsel doubted the benefit of such an examination.

**3.** Bryant argues that even if the district court did not abuse its discretion in its consideration of the Miller factors, his 40-year sentence for VICAR-murder and his total sentence of 80 years violates the Eighth Amendment. Neither Bryant's sentence of 40 years for VICAR-murder nor the total sentence of 80 years for murder, conspiracy to commit murder, and numerous related assault and weapons

4

offenses (committed while Bryant was on supervised release following a prior murder conviction) gives rise to "an inference of gross disproportionality." Ewing v. California, 538 U.S. 11, 29–31 (2003) (plurality opinion) (internal quotation marks omitted); United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992). Bryant's sentence does not violate the Eighth Amendment.

**4.** Finally, Bryant argues that the district court failed to state on the record its consideration of the 18 U.S.C. § 3553 factors in determining whether to impose concurrent or consecutive sentences for the non-homicide counts in relation to the sentence imposed for murder. The additional 40 years' imprisonment beyond the 40 years' imprisonment for the murder count was mandated by 18 U.S.C. § 924(c).[2] District courts do not have discretion to depart downward from the sentence required by the statute, United States v. Gonzales, 520 U.S. 1, 9–10 (1997), and thus the district court did not need to refer to the § 3553 factors in imposing the mandatory minimum sentence under the statute.

**AFFIRMED.**

---

[2] It appears that the district court actually misapplied the statute, which should have subjected Bryant to an additional 110 years in prison, rather than 40. Because the government did not appeal this issue during Bryant's first appeal, Bryant was able to retain the benefit of this miscalculation.

5