NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

KENNETH JEREMY LAIRD, *Petitioner.*

No. 1 CA-CR 14-0568 PRPC
FILED 10-4-2016

Petition for Review from the Superior Court in Maricopa County
No. CR1993-001792
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Associate Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge John C. Gemmill and Judge Samuel A. Thumma joined.[1]

---

**W I N T H R O P**, Associate Presiding Judge:

**¶1**        Petitioner, Kenneth Jeremy Laird, petitions this court for review from the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        A jury found Laird guilty of first degree murder, kidnapping, first degree burglary, robbery, three counts of theft, three counts of first degree trafficking in stolen property, and four counts of forgery. Laird committed the offenses in 1992, when he was seventeen years old. The trial court sentenced Laird to death for murder and an aggregate term (given consecutive sentences) of 129 years' imprisonment for the remaining counts. The Arizona Supreme Court affirmed Laird's convictions and sentences on direct appeal. Laird later obtained habeas corpus relief in federal court, and the trial court modified the sentence for murder to life with the possibility of release after twenty-five years, to be served consecutively to the other sentences. Laird now seeks review of the summary dismissal of his fifth successive post-conviction relief proceeding. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes section 13-4239(C) (2010).

**¶3**        In his petition for review, Laird argues the aggregate length of his consecutive sentences "operated as a mandatory sentence of life" without the possibility of release, and he maintains this violates the directives of *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, ___

---

[1]        The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

U.S. \_\_\_, 132 S. Ct. 2455 (2012).[2]  We review the summary dismissal of a Rule 32 proceeding for an abuse of discretion.  *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9, 368 P.3d 925, 927 (2016).[3]

**¶4**        In *Graham*, the United States Supreme Court held the U.S. Constitution prohibits a sentence of life without the possibility of release for a juvenile who commits an offense other than homicide.  560 U.S. at 82. States do not have to guarantee eventual freedom to a juvenile offender who commits a non-homicide offense, but need only give the juvenile a meaningful opportunity to obtain release.  *Id.* at 75.

**¶5**        *Miller*—decided two years after *Graham*—held the U.S. Constitution prohibits a *mandatory* sentence of life without the possibility of release for a juvenile who commits any offense, including homicide.  \_\_\_ U.S. at \_\_\_, 132 S. Ct. at 2466.[4]  The *Miller* Court further held, however, that states may still impose a sentence of natural life without the possibility of release for a juvenile who commits homicide as long as the sentence is not mandatory and the sentencing court takes into account "how children are

---

[2]        The trial court did not address the issue of the aggregate length of Laird's sentences, and Laird did not raise it until he filed his reply brief below.  We cannot discern from the record whether the trial court declined to address the issue because Laird only raised it in his reply or if the court simply overlooked it.  Given the nature of the issue and the procedural posture of this case, we decline to find the issue is not properly before us. Furthermore, we may affirm a result on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

[3]        Laird argues the trial court should have held an evidentiary hearing before it ruled.  "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact."  *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31, 278 P.3d 1276, 1282 (2012) (citations omitted).  There are no issues of fact here, only questions of law that involve the interpretation of Supreme Court case law.  Therefore, the trial court was not required to hold an evidentiary hearing.

[4]        *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, \_\_\_ U.S. \_\_\_, 136 S. Ct. 718, 736 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17, 370 P.3d 124, 128 (App. 2016).

different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at ___, 132 S. Ct. at 2469.

¶6 Neither *Graham* nor *Miller* addressed consecutive sentences. Laird argues, however, that *Miller* "modified our understanding" of *Graham* such that *Graham* and *Miller* combined prohibit the imposition of consecutive sentences that, cumulatively, exceed a juvenile's life expectancy. Laird's arguments are unavailing.

¶7 Laird did not receive a sentence of life without the possibility of release for any of his offenses. This court has previously held *Graham* does not prohibit the imposition of cumulative sentences that result in an aggregate term of imprisonment that exceeds a juvenile's life expectancy. *State v. Kasic*, 228 Ariz. 228, 232-33, ¶¶ 20-24, 265 P.3d 410, 414-15 (App. 2011) (review denied Apr. 24, 2012). "[I]f the sentence for a single offense is not disproportionately long, it does not become so merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate." *State v. Berger*, 212 Ariz. 473, 479, ¶ 28, 134 P.3d 378, 384 (2006), *quoted in Kasic*, 228 Ariz. at 233, ¶ 24, 265 P.3d at 415. Laird does not contend any of his individual sentences are disproportionately long.

¶8 Finally, contrary to Laird's arguments, *Miller* did nothing to modify or otherwise change *Graham* in a way that would require a different result here.[5] Given the principles established by our supreme court in

---

[5] We acknowledge the Ninth Circuit Court of Appeals has held that imposition of consecutive sentences for an aggregate term of imprisonment in excess of one's life expectancy is materially indistinguishable from a sentence for life without the possibility of parole for a single offense and, therefore, violates *Graham* if imposed on a juvenile for non-homicide offenses. *See Moore v. Biter*, 725 F.3d 1184, 1191-94 (9th Cir. 2013), *on denial of petition for reh'g en banc*, 742 F.3d 917 (9th Cir. 2014) (listing dissenting opinion). We "are not bound by the Ninth Circuit's interpretation of federal constitutional protections." *State v. Allen*, 216 Ariz. 320, 325 n.4, ¶ 21, 166 P.3d 111, 116 n.4 (App. 2007) (citation omitted). Moreover, contrary case law exists in the Federal Circuit Courts of Appeal. *See Bunch v. Smith*, 685 F.3d 546, 551 (6th Cir. 2012) (reaching a conclusion contrary to *Moore*), *cert. denied, Bunch v. Bobby*, ___ U.S. ___, 133 S. Ct. 1996 (2013); *see also United States v. Bryant*, 609 F. App'x 925, 927-28 (9th Cir. 2015) (rejecting in an unpublished decision a juvenile's challenges, based on *Miller* and the Eighth Amendment, to an aggregate sentence of eighty years for multiple

*Berger* and this court in *Kasic*, the trial court did not err in summarily dismissing Laird's petition.

¶9       For the preceding reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

crimes, including murder).  And in any event, the offenses for which Laird was convicted include first degree murder, making *Moore* distinguishable.